**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff(s), ) | Case No. 2:13-cv-01907-APG-NJK |
| ) | |
| vs. ) | ORDER |
| ) | |
| JAYNES CORPORATION, et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Before the Court is the parties' Stipulated Protective Order (Docket No. 43), which the Court approved to facilitate discovery in this case. This order reminds counsel that there is a presumption of public access to judicial files and records. A party seeking to submit a confidential document under seal or *in camera* must submit a motion establishing a basis for doing so and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

The Court has approved the blanket protective order to facilitate discovery exchanges. But there has been no showing, and the Court has not found, that any specific documents are secret or confidential. The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to nondispositive motions must show good cause exists to overcome the presumption of public access. *See Kamakana* 447 F.3d at 1179. Parties seeking to maintain the secrecy of documents attached to

dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* at 1180.[1]

The parties have indicated that some discovery materials in this case may implicate issues of national security. To the extent such materials are relevant to any Court proceeding, they shall not be filed and instead shall be submitted *in camera* for the Court's review. All such submissions shall comply with the requirements outlined in Local Rule 10-5(a). Such a submission shall also be accompanied by a motion explaining why the materials implicate issues of national security and warrant secrecy.

To the extent materials are confidential but do not implicate issues of national security, such materials shall be filed under seal along with a concurrent motion to seal and shall otherwise comply with the requirements outlined in Local Rule 10-5(b).

If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as subject to protection pursuant to the stipulated protective order, the movant must notify the opposing party (or non-party) at least seven days prior to submitting/filing the designated document. The designating party must then make a good faith determination if the relevant standard for sealing is met. To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four days after receiving notice of the intended filing. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended filing. The submitting/filing party shall then attach that declaration to its motion to seal the designated material.

**IT IS ORDERED** that counsel shall comply with the requirements of Local Rules 10-5(a) and 10-5(b), the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, and the procedures outlined above, with respect to any documents submitted for *in camera* review or filed under seal. To the

---

[1] Additional information regarding the requirements for filing under seal can be found at *The Vaccine Center LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298 (D. Nev. May 14, 2013) (discussing, *inter alia*, the standards for sealing, standard for redaction rather than sealing entire documents, and impact of the stipulated protective order on a motion to seal).

2

extent any aspect of the stipulated protective order may conflict with this order, that aspect of the stipulated protective order is hereby superseded with this order.

DATED: May 21, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge