# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF AGATE STEEL, INC.,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>JAYNES CORPORATION, et al.,<br><br>　　　　　Defendant(s). | Case No. 2:13-cv-01907-APG-NJK<br><br>ORDER DENYING EMERGENCY MOTION TO STAY<br>(Docket No. 52)<br><br>ORDER DENYING AS MOOT MOTION FOR LEAVE TO FILE A SUR-REPLY<br>(Docket No. 57) |

Pending before the Court is Defendants' motion to stay, which they filed on an emergency basis. Docket No. 52. The Court set an expedited briefing schedule. Docket No. 53. Third-Party Defendants American Steel Corporation and The Ohio Casualty Insurance Company filed a response in opposition. Docket No. 54. Plaintiff also filed a response in opposition. Docket No. 55. Defendants filed a reply. Docket No. 56. The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion is hereby **DENIED**.

Courts have inherent power to stay the cases before them as a matter of controlling their own docket and calendar. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110-13 (9th Cir. 2005) (reviewing Ninth Circuit law on issue, and finding a stay was inappropriate). The court may find a stay to be appropriate pending resolution of another independent proceeding when the resolution of that proceeding may bear upon the instant case. *See, e.g.*, *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). The movant bears the burden of showing that a stay is warranted. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Defendants have not shown that a stay is appropriate here. Defendants argue that this case should be stayed based on their bare-bones description of administrative proceedings against the Army

1  Corps of Engineers.  Although their motion fails to set forth any meaningful information regarding the
2  stage at which those administrative proceedings are currently, the reply acknowledges that they are in
3  their infancy.  *See* Docket No. 56 at 9.  Indeed, Defendants have not yet even submitted the request for
4  final determination, setting out the objections to the liquidated damages assessment.  *See id.*  The Ninth
5  Circuit has made clear that "[a] stay should not be granted unless it appears likely the other proceedings
6  will be concluded within a reasonable time in relation to the urgency of the claims presented to the
7  court."  *Leyva*, 593 F.2d at 864.  That showing has not been made here and, instead, the only information
8  provided is that the administrative proceedings are in their infancy.  This shortcoming alone warrants
9  denial of the motion to stay.  *See, e.g.*, *Russell Road Food & Beverage, LLC v. Galam*, 2014 WL
10 3105034, *2 (D. Nev. July 7, 2014) (overruling objection to magistrate judge's order).

11      Nor does the Court find Defendants' other arguments persuasive.  For example, Defendants make
12 much of the existence of a contract provision that they argue precludes American Steel from opposing
13 the pending request for a stay.  *See, e.g.*, Docket No. 52 at 7.  Even assuming *arguendo* that this contract
14 clause applies, a point that is disputed in the briefing, it does not and could not dictate the outcome of
15 the pending motion.  It is ultimately for the Court to decide whether a stay should be entered, even if the
16 parties were to stipulate to such a stay.  *See, e.g.*, Local Rule 7-1(b) (stipulations interfering with the
17 schedule adopted by the Court are ineffective absent Court approval).  For the reasons discussed above,
18 the Court finds that a stay would be improper and nothing in the cited contract provision alters that
19 conclusion.

20      Accordingly, Defendants' emergency motion to stay is hereby **DENIED**.

21      Moreover, in light of the disposition above, Plaintiff's motion for leave to file a sur-reply
22 (Docket No. 57) is hereby **DENIED** as moot.

23      IT IS SO ORDERED.
24      DATED: August 29, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge