1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8
9
10

| | |
|---|---|
| UNITED STATES FOR THE USE AND<br>BENEFIT OF AGATE STEEL, INC., et al., ) | Case No. 2:13-cv-01907-APG-NJK |
| Plaintiff(s), ) | ORDER GRANTING MOTION TO<br>SUBSTITUTE EXPERT |
| vs. ) | (Docket No. 77) |
| JAYNES CORPORATION, et al., ) | |
| Defendant(s). ) | |

11
12
13
14
15

16       Pending before the Court is Third-Party Defendant American Steel Corporation's ("American

17   Steel") motion to substitute its expert in this case.  Docket No. 77.  Defendant and Third-Party Plaintiff

18   Jaynes Corporation ("Jaynes") filed an opposition, and American Steel filed a reply.  Docket Nos. 78,

19   79.  The Court finds the motion properly resolved without oral argument.  *See* Local Rule 78-2.  For the

20   reasons discussed below, the motion is hereby GRANTED in part.

21   **I.       BACKGROUND**

22       American Steel retained SDC & Associates, Inc. to offer an expert opinion in this case, and

23   such an opinion was disclosed by Anwar Hafeez of SDC on September 9, 2014.  *See* Docket No. 77 at

24   3.  In December 2014, American Steel became concerned with the ability of SDC to remain as its

25   designated expert following the departure of SDC's claims department leader.  Docket No. 79 at 4.  The

26   relationship between SDC and American Steel continued to deteriorate, and SDC eventually initiated

27   arbitration against American Steel on December 23, 2014.  Docket No. 77-1 at 10-11.  Now before the

28   Court is American Steel's motion to substitute another expert in Mr. Hafeez's place.

II.      **STANDARDS AND ANALYSIS**

Neither party cites to case law from this District as to the standards applicable to a motion to substitute an expert.[1]   Nor does either party provide meaningful discussion of what standards should apply in this case in light of the divergent standards that different courts have utilized.   Nonetheless, the Court has a duty to apply the correct legal standard. *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).   In this case, American Steel seeks the ability to designate a new expert in lieu of its prior expert despite the expiration of the deadline to designate experts as set forth in the scheduling order.   "In determining whether to allow a substitute expert, courts have frequently relied on Federal Rule of Civil Procedure 16(b), and treated the request for a substitute expert as a *de facto* attempt to alter the scheduling order and enlarge the discovery period." *Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, 2010 WL 3892860, *2 (N.D. Ind. Sept. 30, 2010) (collecting cases); *see also In re Rail Freight Fuel Surcharge Antitrust Litig.*, ___ F. Supp. 3d ____, 2014 WL 6684794, *3 (D.D.C. Nov. 26, 2014) (collecting cases).   Courts within this Circuit have similarly applied that standard to motions to substitute experts. *See Fujifilm Corporation v. Motorola Mobility LLC*, 2014 WL 8094582, *1 (N.D. Cal. Nov. 19, 2014); *Crandall v. Hartford Casualty Ins. Co.*, 2012 WL 6086598, *2 (D. Id. Dec. 6, 2012).

Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).   Although the existence of prejudice to the party opposing modification may also be considered, "the focus of the inquiry is upon the moving party's reasons for seeking modification.   If that party was not diligent, the inquiry should end." *Id.*[2]

_____

[1] Both parties refer to *Thompson v. TRW Automotive U.S., LLC*, 2013 WL 5719100 (D. Nev. Oct. 17, 2013).   In that case the court had already granted the request to substitute experts, and the matter before the court was whether the substituted expert testimony materially changed the previous expert opinion such that a new rebuttal expert should be allowed. *See id.* at *1, 4-6.   That order does not articulate the initial standards that apply to deciding whether to allow substitution of an expert.

[2] The parties do not address the "good cause" standard under Rule 16(b).   American Steel addresses whether the substitution would be substantially justified or harmless. *See* Docket No. 77 at 4-5 (citing *Morel v. Daimler Chrysler Corp.*, 259 F.R.D. 17 (D.P.R. 2009)).   Jaynes cites case law applying a four-factor

2

1   American Steel has established good cause to allow substitution of its expert.  As noted above,

2  American Steel and its expert are currently in arbitration against one another, making it unfeasible for

3  American Steel to continue to rely on Mr. Hafeez in this case.  As to American's Steel's diligence, the

4  Court agrees with Jaynes that it would have been preferable for American Steel to more promptly raise

5  this conflict with opposing counsel and the Court.  In particular, the conflict with its expert was clear

6  in December 2014, but American Steel did not bring its motion to substitute until February 27, 2015.

7  Nonetheless, American Steel explains that any delay was necessitated by its consideration of, *inter alia*,

8  possibly resolving its dispute with Mr. Hafeez, proceeding without an expert, and the financial

9  implications of substitution.  *See* Docket No. 79 at 8 (asserting that any delay was the result of American

10  Steel's consideration of, *inter alia*, possible resolution with its expert, proceeding without an expert, and

11  financial implications of substitution).  Given the circumstances, the Court finds that the timing of

12  raising this dispute appears reasonably diligent.  In short, the Court finds that good cause exists to allow

13  the substitution.

14   The Court is also mindful of potential prejudice to Jaynes, however, in light of the looming

15  discovery cutoff.  As such, the Court will not allow a *carte blanche* substitution.[3]  The purpose of

16  allowing substitution of an expert is to put the movant in the same position it would have been in but

17  for the need to change experts; it is not an opportunity to designate a better expert.  *See Adams v. Cooper*

18  *Industries, inc.*, 2007 WL 1075652, *3 (E.D. Ky. Apr. 5, 2007).  To minimize prejudice to the opposing

19  party, "courts generally limit the scope of the testimony that may be given by the substitute expert."

20  *Lincoln National*, 2010 WL 3892860, at *2.  The Court agrees with American Steel that it is not

21

22  analysis to such a motion. *See* Docket No. 78 at 3 (quoting *Vincent v. Omniflight Helicopters Inc.*, 2009 WL
    4262578, *3 (E.D. Wis. Nov. 24, 2009)).  The Court would reach the same conclusion as it does herein

23  applying the standards espoused by the parties.

24   [3] The reply casts the motion for substitution as simply a change in the "identity of American Steel's

25  expert." *See* Docket No. 79 at 7.  That is not the case.  Jaynes indicated it would stipulate to allowing a new
    expert that merely adopted the previous expert's opinion.  *See* Docket No. 77-1 at 5.  American Steel

26  rejected that offer and, instead, makes clear that the new expert would opine on the same theories and types

27  of damages, but asks that the new expert not be foreclosed from disagreeing with the prior expert's opinion.
    *See* Docket No. 77 at 3 (asserting that the substituted expert would provide a "point-by-point" analysis to

28  identify those aspects of the prior opinion to which she disagrees).

3

appropriate in this case to mandate that the new expert "rubber-stamp" the expert report previously provided.   Nonetheless, the new expert report may not provide an opinion that is contrary to or inconsistent with Mr. Hafeez's opinion.  *See Fujifilm*, 2014 WL 8094582, at *2.  While the opinions need not be identical, it is reasonable to limit the new expert to findings that are substantially similar to those presented by Mr. Hafeez.  *See id.*  By limiting the new opinion in this manner, any prejudice to Jaynes should be minimized.[4]

## III.    CONCLUSION

Accordingly, for the reasons discussed more fully above, American Steel's motion to substitute experts is GRANTED to the extent a new expert may provide opinions that are substantially similar to those presented by Mr. Hafeez.  American Steel shall submit its substituted expert report no later than April 21, 2015.[5]

IT IS SO ORDERED.

DATED: April 6, 2015

NANCY J. KOPPE
United States Magistrate Judge

---

[4] Per American Steel's concession, Docket No. 79 at 8, the Court also orders that the substitute expert not be provided a copy of Jaynes' expert opinions prior to issuing his initial opinion.

[5] Jaynes' request for attorney's fees is hereby DENIED without prejudice as premature.  In the event that the substitution of American's Steel's expert necessitates expenditure of significant additional attorney's fees that would not otherwise have been required, Jaynes may renew its request for attorney's fees.  The Court expresses no opinion herein whether attorney's fees will be awarded.

4