# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES, et al., | ) |
| Plaintiff(s), | ) Case No. 2:13-cv-1907-APG-NJK |
| vs. | ) ORDER |
| JAYNES CORPORATION, et al., | ) (Docket Nos. 85, 86, 87) |
| Defendant(s). | ) |

Pending before the Court are Defendants' motion to compel private mediation (Docket No. 85), motion to stay discovery pending completion of that mediation (Docket No. 86), and alternative motion to extend the discovery cutoff (Docket No. 87). Plaintiff filed a response opposing the motion to compel private mediation, and otherwise expressing no opinion regarding the motion to stay and motion to extend. Docket No. 90. Defendants filed a reply. Docket No. 93. The Court finds the motions properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the motion to compel private mediation is **DENIED**, the motion to stay discovery is **DENIED** as moot, and the motion to extend time is **GRANTED** in part and **DENIED** in part.

Local Rule 16-5 provides that the Court may order the parties to attend a settlement conference or other method of alternative dispute resolution, including a private mediation. Whether to issue such an order is "solely within the Court's discretion." *Cornett v. Gawker Media, LLC*, 2014 U.S. Dist. Lexis 120214, *4 (D. Nev. Aug. 28, 2014). The Court generally does not order the parties to attend a settlement conference or private mediation when a party opposes the request. *See, e.g., McCarty v. Roos*, 2013 WL 5436578, *2 (D. Nev. Sept. 27, 2013). In this instance, Plaintiff vehemently objects to

attending a private mediation because it sees it as an exercise in futility.  Docket No. 90 at 2-3.  The Court hereby **DENIES** the motion to compel private mediation.  As a result, the Court also **DENIES** as moot the motion to stay discovery.

In the alternative, Defendants seek a 60-day extension to the discovery cutoff.  Docket No. 85 at 4-5.  Defendants seek additional time because they elected to postpone discovery while they attempted to reach agreement on mediating this case. *See id.* at 4.  Requests to extend discovery must be supported by a showing of "good cause" for the extension sought.  *See, e.g.*, Local Rule 26-4.  A party's decision to defer discovery while it attempts to settle a case is not "good cause" for a later request for an extension.  *See U.S. E.E.O.C. v. Pioneer Hotel, Inc.*, 2014 WL 5045109, *2 (D. Nev. Oct. 9, 2014); *see also Gerawan Farming, Inc. v. Rehrig Pac. Co.*, 2013 WL 1164941, *4 (E.D. Cal. Mar. 20, 2013) ("as a legal matter, settlement discussions do not, in of themselves, arise to good cause for modifying the scheduling order") (collecting cases); *Rybski v. Home Depot USA, Inc.*, 2012 WL 5416586, *2 (D. Ariz. Oct. 17, 2012) (collecting cases).  Moreover, the parties have already received ample time to conduct discovery and the undersigned has previously granted numerous requests for extensions.  *See, e.g.*, Docket No. 84 (granting <u>sixth</u> request for extension).  Nonetheless, given that Plaintiff does not oppose this aspect of the motion and as a one-time courtesy to the parties, the Court will allow a 21-day extension to the current deadlines.  Accordingly, the motion to extend is **GRANTED** in part and **DENIED** in part.  The deadlines in the scheduling order are modified as follows:

- Discovery cutoff: July 21, 2015
- Dispositive motion deadline: August 20, 2015
- Joint proposed pretrial order: September 21, 2015

<u>**THERE WILL BE NO FURTHER EXTENSIONS GRANTED.**</u>

IT IS SO ORDERED.

DATED: June 22, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

2