UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF AGATE STEEL, INC., et al., <br><br> Plaintiff(s), <br><br> vs. <br><br> JAYNES CORPORATION, et al., <br><br> Defendant(s). | Case No. 2:13-cv-01907-APG-NJK <br><br> ORDER |

Pending before the Court is Defendants' motion to seal. Docket No. 114. The Court hereby **INSTRUCTS** the Clerk's Office to keep the subject documents sealed for the time being. Nonetheless, Defendants must file a supplement in accordance with this order no later than August 31, 2015.

## I. STANDARDS

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. Those compelling reasons must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial

process. *Id.* at 1178-79; *see also Pintos*, 605 F.3d at 679 & n.6 (court must weigh "relevant factors," including the public's interest in understanding the judicial process).

The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)); *see also Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) (applying Ninth Circuit law regarding competitive harm to business and the definition of "trade secret"). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

The burden to show compelling reasons for sealing is not met by general assertions that the information is "confidential" or a "trade secret," but rather the movant must "articulate compelling reasons supported by specific factual findings." *Id.* at 1178. The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents–that they are confidential and that, in general," their disclosure would be harmful to the movant. *Kamakana*, 447 F.3d at 1182; *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist Lexis 68298, *5-6 (D. Nev. May 14, 2013) (finding insufficient general assertions regarding confidential nature of documents). Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182. In allowing the sealing of a document, the Court must base its decision on a compelling reason and must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Lastly, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of*

*Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material")

## II.     ANALYSIS

The pending motion to seal seeks to seal more than five hundred pages of documents consisting of dozens of exhibits.  The motion asserts that sealing all of that information is proper based on two arguments.  First, Defendants point to the fact that they must keep the information confidential pursuant to the prime contract, which in turn is governed by Army Corps regulations, and that disclosure of those documents could endanger Defendants' ability to gain future work with the Army Corps.  *See* Docket No. 114 at 4-5.  Second, although significantly less developed, Defendants appear to argue that the documents should be sealed based on their reliance on the existence of a stipulated protective order in producing the documents in discovery.  *See* Docket No. 114 at 3.  Neither argument is persuasive based on the briefing currently before the court.

As to the first argument, Defendants cite to no legal authority that their contractual obligation to the Army Corps (and the underlying Army Corps regulations) requiring Defendants to keep information confidential trumps the public's right to access.[1]  At any rate, however, neither the quoted contractual provision nor the cited regulation outrightly prohibit disclosure of documents.  Instead, they provide a mechanism by which the contractor can obtain permission to disclose information.  *See, e.g.*, Defendant Federal Acquisition Regulations Supplement 252.204-7000(a) ("The Contractor shall not release to anyone outside the Contractor's organization any unclassified information . . . unless . . . The Contracting Officer has given prior written approval").  As such, the mere invocation of Defendant Federal Acquisition Regulations Supplement 252.204-7000 is not a sufficient basis to seal documents.  *Cf. United States ex rel. Donald E. Howard v. Lockheed Martin Corp.*, 2014 WL 4639270, *2 (S.D. Ohio Sept. 16, 2014).  Further explanation must be provided why the specific documents at issue merit confidentiality.  *See id.*  Moreover, the pending motion to seal vaguely asserts that "[t]hat the Army Corps has not given authority to publically [sic] disclose any of the documents in this matter."  Docket

---

[1] While the motion cites to the Prime Contract as an exhibit, no exhibits were attached to the pending motion to seal, no citation was made to a docket entry where the exhibit was filed, and no pin citation was provided.

3

1 No. 114 at 5. There is no indication, however, that the Army Corps was actually asked for authorization
2 for public disclosure of the documents at issue. Just as significantly, there is no indication as to the
3 reasons the Army Corps has for keeping each of the subject documents off the public docket in this case.
4 There may well be compelling reasons to seal the documents at issue, but those compelling reasons need
5 to be articulated for each document at issue. *See Lockheed Martin*, 2014 WL 4639270, at *2.[2]

6 As to the second argument, that reliance on the entry of the stipulated protective order justifies
7 sealing, the motion to seal fails to account for what appears to be the governing Ninth Circuit case law
8 on this issue.[3] The Ninth Circuit has consistently found that reliance on a blanket protective order is
9 unreasonable and is not a "compelling reason" that rebuts the presumption of access. *See, e.g.*,
10 *Kamakana*, 447 F.3d at 1183; *Foltz*, 331 F.3d at 1136, 1138.

## III.  CONCLUSION

The motion to seal as currently presented fails to satisfy the compelling reasons standard for sealing. The Court hereby **INSTRUCTS** the Clerk's Office to keep the subject documents sealed for the time being. In accordance with the above guidance, the Court **ORDERS** Defendants to consult with the appropriate representative at the Army Corps as to whether the Army Corps believes each of the relevant documents merits secrecy under the compelling reasons standard. In the event that the Army Corps does not consent to the public filing of any of the documents at issue, Defendants shall file a

---

[2] Additionally, a showing must be made why the documents should be sealed in their entirety, rather than being redacted in part. *See, e.g.*, *Foltz*, 331 F.3d at 1137.

[3] The Ninth Circuit case cited by Defendants is plainly inapposite. First, it addressed a situation in which the district court had already "determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). In stark contrast, the undersigned made it clear that the blanket stipulated protective order entered in this case was making no such finding. Docket No. 45 at 1 ("The Court has approved the blanket protective order to facilitate discovery exchanges. *But there has been no showing, and the Court has not found, that any specific documents are secret or confidential* (emphasis added)). Moreover, the Ninth Circuit in *Phillips* was applying the lower "good cause" standard applicable to nondispositive filings, rather than the compelling reasons standard applicable to the underlying motion in this case. *See* 307 F.3d at 1213. As noted in *Kamakana*, the Ninth Circuit has held repeatedly that reliance on a stipulated protective order does not constitute compelling reasons to seal documents. *Kamakana*, 447 F.3d at 1183.

supplemental brief (attaching relevant declarations and supporting evidence) better explaining why they and/or the Army Corps believe each document at issue should be sealed. The Court reiterates that there needs to be a particularized showing for each document, as well as an explanation why redaction would not sufficiently address any concerns regarding confidentiality. Defendants must file that supplemental brief and evidence no later than August 31, 2015. Any response in opposition must be filed no later than September 8, 2015, and any reply must be filed no later than September 15, 2015.

    IT IS SO ORDERED.

    DATED: August 17, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge