**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES for the use and benefit of AGATE STEEL, INC. and AGATE STEEL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JAYNES CORPORATION and WESTERN SURETY COMPANY, <br><br> Defendants. <br> ─────────────────────────── <br> AND ALL RELATED CLAIMS. | Case No. 2:13-CV-01907-APG-NJK <br><br> **ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT** <br><br> (ECF No. 161) |

  Plaintiff Agate Steel, Inc. moves for entry of judgment in its favor based on my prior order granting summary judgment in favor of Agate and against defendants Jaynes Corporation and Western Surety Company. Jaynes and Western oppose, arguing that issues of fact remain as to whether third party defendants American Steel Corporation and Ohio Casualty Insurance Company will have to indemnify Jaynes for the amount owed to Agate.

  Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." To determine whether to enter judgment as to fewer than all claims or parties, I must determine whether I have rendered a judgment that finally disposed of an individual claim or party entered in multi-party or multi-claims case and whether there is any just reason to delay appeal of that decision. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). This inquiry involves judicial efficiency considerations such as whether certification would result in successive appeals on the same facts or legal issues; whether the adjudicated claims are

independent of the remaining claims; whether future developments in the case might moot the appeal; and whether delay in the entry of the judgment would cause financial harm. *Id.* at 878-82. I also evaluate the equities. *Id.* at 878. "Analyzing a Rule 54(b) judgment requires a pragmatic approach with focus on severability and efficient judicial administration." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1084 (9th Cir. 2010) (quotation omitted).

Here, I entered two orders finally disposing of Agate's claims against Jaynes and Western. ECF Nos. 149, 159. Agate has no other claims remaining in the case against any party nor is it a defendant to any claims, counterclaims, or third party claims in the case. Accordingly, all claims have been finally resolved as to Agate in this multi-party, multi-claim case.

Certification of my prior ruling in Agate's favor would not result in unnecessary appellate review because Agate's claims against Jaynes and Western are independent of the remaining claims between Jaynes and Western and third party defendants American Steel and Ohio Casualty. The question of whether Agate is entitled to payment under Jaynes' Miller Act bond is legally and factually separate from whether American Steel must indemnify Jaynes. Although the claims are related in that they arise out of the same construction project and will impact who ultimately will bear financial responsibility for payment to Agate, the legal issues and the factual disputes remaining have no impact on whether Agate is entitled to payment. Consequently, an appellate court will not have to decide the same issues more than once even if there are subsequent appeals. The only judicial efficiency factor weighing against certification is that if American Steel must indemnify Jaynes, that potentially would moot an appeal by Jaynes. However, all other factors favor certification, including that a further delay in payment of the judgment is contrary to the Miller Act's purpose of ensuring timely payment to sub-subcontractors like Agate.

Viewing the equities, there is no just reason to delay entering judgment. Agate has been awaiting payment for several years. It should not have to wait any longer while Jaynes and Western on the one hand, and American Steel and Ohio Casualty on the other, resolve disputes between them. Jaynes' Miller Act bond was obtained for the purpose of ensuring payment to sub-

subcontractors like Agate who perform work on the project.  Withholding that payment while Jaynes pursues possible indemnification would require Agate to wait for resolution of a dispute in which it has no participation. I understand Jaynes and Western's desire to avoid paying if in fact it turns out that American Steel or Ohio Casualty must indemnify Jaynes.  But as stated in my prior order, there is no genuine dispute that Jaynes and Western are liable to Agate.  Whether Jaynes can later obtain indemnification from other parties is a separate issue that should not delay recovery by Agate.

IT IS THEREFORE ORDERED that Plaintiff Agate Steel, Inc.'s motion for entry of judgment **(ECF No. 161) is GRANTED**.  The clerk of court shall enter judgment in favor of plaintiff Agate Steel, Inc. and against defendants Jaynes Corporation and Western Surety Company in the amount of $126,907.00 plus post-judgment interest at the statutory rate running from the date of the judgment until paid.

DATED this 20th day of July, 2016.

ANDREW P. GORDON  
UNITED STATES DISTRICT JUDGE